UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SHERRY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 1:07-cv-94 |
| | ) | |
| AEROSPACE TESTING ALLIANCE, | ) | |
| JACOBS TECHNOLOGY INC., | ) | Chief Judge Curtis L. Collier |
| JACOBS-SVERDRUP, COMPUTER | ) | |
| SCIENCE CORP., and GENERAL PHYSICS | ) | |
| CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is the motion of defendants Aerospace Testing Alliance ("ATA"), Jacobs Technology Inc., Jacobs-Sverdrup, Computer Science Corporation, and General Physics Corporation (collectively, "Defendants") for judgment on the pleadings (Court File No. 10). Plaintiff alleges Defendants violated an executive order, a statute, a federal regulation, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Defendants' motion seeks to dismiss all claims but the one premised on ERISA. Plaintiff Sherry Harris ("Plaintiff") filed a response (Court File No. 17), to which Defendants filed a reply (Court File No. 19). Plaintiff also moved to amend her complaint (Court File No. 15), to which Defendants filed a response (Court File No. 20). Both motions are now ripe.

For the following reasons, the Court will **GRANT** Defendants' motion for judgment on the pleadings, and **DENY** Plaintiff's motion to amend.

**I.    FACTS**

Plaintiff alleges ATA, her employer, wrongly terminated her pursuant to an improperly administered drug test (Court File No. 1, ¶¶ 10-11). Plaintiff suffers from poor health, which has "forced her to work with work restrictions, medications and numerous long term health leaves." (Court File No. 1, ¶ 4). After Plaintiff returned from a period of leave, her employer requested she submit to a drug test under ATA's substance abuse policy (Court File No. 1, ¶¶ 6-7). She alleges the nurse conducting the test took inadequate samples and failed to take a list of Plaintiff's current medications (Court File No. 1, ¶ 8). Because of the legal medications prescribed to Plaintiff, the test showed false positives (Court File No. 1, ¶ 9). As a result, ATA terminated Plaintiff's employment (Court File No. 1, ¶ 11).

Plaintiff alleges ATA violated "Executive Order 12564, Public Law 100-71, and Volume 69, Number 71 of The Federal Register." (Court File No. 1, ¶¶ 3, 10). Plaintiff contends ATA is a federal agency workplace subject to the executive order, public law, and federal regulation because it is a contractor testing military equipment (Court File No. 1, ¶ 3).

She also alleges ATA's actions were "retaliation for and because of her physical claims and medical bills and as such in violation of ERISA." (Court File No. 1, ¶ 13(g)). Defendants do not seek dismissal of Plaintiff's claim of retaliation under ERISA (Court File No. 10 at 1 n. 1).

Plaintiff's motion to amend her complaint seeks to add claims under the Drug-Free Workplace Act, 41 U.S.C. §§ 701–707, and 48 C.F.R § 2252.223-7004 (2004).

## II. STANDARD OF REVIEW

Defendants move for judgment on the pleadings under Fed. R. Civ. P. 12(c). A court considers a motion to dismiss under Rule 12(c) under the same standard of review as a Rule 12(b)(6)

motion. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C.* 477 F.3d 383, 389 (6th Cir. 2007). The rule expressly allows a 12(b)(6) motion to be made in the form of a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2).

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Bovee*, 272 F.3d at 361; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). A complaint need not anticipate every defense and, accordingly, need not plead every response to a potential defense. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th

Cir. 2004). "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov*, 411 F.3d at 716 (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III. DISCUSSION

#### A. Parties' Arguments

Defendants argue the complaint fails to state a claim for which relief may be granted because the statute, executive order, and regulation cited by Plaintiff only apply to federal agencies and Defendants are not federal agencies (Court File No. 11 at 2-3). Defendants note ATA is a federal contractor and covered by the Drug-Free Workplace Act, 41 U.S.C. §§ 701–707, rather than the authority cited in Plaintiff's complaint (*id.* at 4). Plaintiff, in response, filed a proposed amended complaint, which seeks recovery under the Drug-Free Workplace Act and 48 C.F.R. § 2252.223-7004 (2007). Defendants, in response, argue the Drug-Free Workplace Act does not create a private right of action (*id.* at 5). And as a consequence, Defendants argue this Court should deny Plaintiff's motion to amend her complaint because the proposed amendment still does not state a claim for which relief may be granted, and the amendment is, therefore, futile.

Plaintiff argues the intent of the Drug-Free Workplace Act is better served by allowing a private right of action (Court File No. 17 at 4). She argues a contracting agency would not trouble itself over an individual infraction, and therefore a single instance of wrongdoing would go unpunished or uncorrected unless a private right of action is allowed (*id.*).

Plaintiff also argues discovery is needed to ascertain basic facts necessary to the decision of Defendant's motion for judgment on the pleadings (Court File No. 17 at 2-3). Therefore, Plaintiff

4

argues a decision on this issue must await a motion for summary judgment under Fed. R. Civ. P. 56. This is incorrect for the reasons stated in the standard of review section. The question for the Court is whether Plaintiff's complaint, if true, makes out a claim for which the Court may grant relief. Discovery is not an issue in deciding this motion.

### B. Federal Agency Claims

Plaintiff's complaint alleges a cause of action based on federal statutes related to drug testing programs in federal agencies (Court File No. 1 ¶ 3).[1] Plaintiff alleges that ATA, as a federal government contractor, is a "federal agency workplace" (*id.*). The executive order relied upon by Plaintiff does not apply to "federal agency workplaces," but rather to "Federal employees" or to "Executive agenc[ies]." Exec. Order No. 12564 §§ 1-2. The order uses the definition of "Executive agency" found at 5 U.S.C. § 105. *Id.* at § 7(b).[2]

The proposed regulation Plaintiff cites expressly uses the same definition. Mandatory Guidelines for Federal Workplace Drug Testing Programs, 69 Fed. Reg. 19,644 § 1.1(a)(1)

---

[1]Plaintiff cites "Volume 69, Number 71" as an authority; Plaintiff may mean Mandatory Guidelines for Federal Workplace Drug Testing Programs, 69 Fed. Reg. 19,644 (proposed April 13, 2004) which references both Exec. Order No. 12,564 and § 503 of Pub.L. 100-71. The referenced volume of the federal register was published on April 13, 2004 and comprises 441 pages of regulations and publications. The Court will not consider improperly cited authority. E.D.TN. LR 7.4; *see The Bluebook: A Uniform System of Citation* R. 14.1, at 120 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005).

[2]There are other ways to satisfy the agency definition, but they are not alleged in the complaint. The definition also includes the "commissioned corps of the Public Health Service, and the commissioned corps of the National Oceanic and Atmospheric Administration." 5 U.S.C. § 2101. The executive order also covers "any other employing unit or authority of the Federal government, except the U.S. Postal Service, the Postal Rate Commission, and employing units or authorities in the Judicial and Legislative Branches." Exec. Ord. No. 12,564 § 7(b). There is no allegation ATA is an employing unit "of the federal government" other than the allegation it is an agency workplace.

(proposed April 13, 2004).

The Public Law referenced is a spending measure. This law provided "none of the funds . . . made available by this act . . . shall be available to administer or implement any drug testing pursuant to Executive Order Numbered 12564 . . . unless [federal agencies take certain actions or make certain plans.]" Pub.L 100-71 § 503. The Public Law merely appropriated funds for the purpose of implementing the executive order; therefore, the scope of the public law is no greater than the executive order. If ATA is not an executive agency under the definition referenced in the executive order, then ATA is not covered by the executive order, the regulation, or the spending bill.

Executive agency "means an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105. ATA is neither an executive department nor a government corporation. *See* 5 U.S.C. § 101 (exclusive listing of executive departments); 5 U.S.C. § 103 (government corporation means a corporation owned or controlled by the Government of the United States). Plaintiff alleges ATA "is a joint venture of Jacobs Technology, Inc., Jacobs-Sverdrup, Computer Science Corporation, and General Physics." (Court File No. 1 ¶ 1). To be an independent establishment the organization must be established in the executive branch, which ATA is not. 5 U.S.C. § 104; *see also Haddon v. Walters*, 43 F.3d 1488, 1490 (D.C. Cir. 1995) (holding the White House residence is not an independent establishment).

Plaintiff relies on an executive order, a proposed regulation, and a spending statute, none of which applies to Defendants. Plaintiff alleges ATA is a "contractor testing military equipment and other items pursuant to a contract with the United States Government." (Court File No. 1 ¶ 3). A "contractor" does not qualify as an Executive agency as the cited authority requires. Therefore, any claims based on the executive order, the proposed regulation, and the spending bill will be

6

**DISMISSED** because none of these provisions applies to Defendants.

### D. Drug-Free Workplace Claim

Plaintiff moves to amend her complaint in response to Defendants' motion by adding a claim under the Drug-Free Workplace Act (Court File No. 17 at 1). Defendants argue the Drug-Free Workplace Act does not create a private right of action, and therefore this Court should not permit the proposed amendment because the complaint would still fail to state a claim upon which relief may be granted (Court File No. 20 at 3). Defendants do, however, agree the Drug-Free Workplace Act applies to them (Court File No. 11 at 3).

The Drug-Free Workplace Act has two sections which may be relevant. However, neither section requires nor regulates drug screening. One section lists requirements to determine who can be a recipient of a contract for the procurement of any property or services. 41 U.S.C. § 701(a)(1). A second section lists the requirements for a person to receive a grant from any federal agency. 41 U.S.C. § 702(a)(1). No section of the Drug-Free Workplace Act requires drug testing, nor does any section set out a procedure for conducting drug testing. Rather, the requirements both for recipients of grants and contractors are threefold. First, a recipient of government money must publish a statement prohibiting the illegal use of any controlled substance. Second, the recipient must establish a drug-free awareness program, and notify each employee of both the statement and the program. Third, when an employee is convicted of a criminal drug offense the recipient of funds must either sanction that employee or require the employee to participate in a drug abuse assistance rehabilitation program. 41 U.S.C. §§ 701(a)(1), 702(a)(1). The language of the statute does not support the theory the act requires or regulates drug screening.

Other courts have noted, "the act does not mandate drug screening." *Santiago v. Greyhound*

*Lines, Inc.*, 956 F.Supp. 144, 152 (N.D.N.Y. 1997) (citing *Parker v. Atlanta Gas Light Co.*, 818 F.Supp. 345, 347 (S.D. Ga. 1993). Plaintiff claims ATA terminated her because a drug screen returned a false positive (Court File No. 18 at 3 ¶10), and this false positive was caused through the negligence of the Defendants (*id.*). However, contrary to Plaintiff's complaint, the Drug-Free Workplace Act does not require or regulate drug screening. Defendants could not have violated the Drug-Free Workplace Act by negligently administering a test the act neither requires nor regulates. The question of whether a private right of action exists is irrelevant; Plaintiff has not even alleged facts which give rise to a violation of the statute.

Plaintiff also seeks to allege a violation of 48 C.F.R. § 252.223-7004 (2007). This section is a form clause which the government inserts into contracts "[t]hat involve access to classified information . . . for reasons of national security [, or for] protecting the health or safety of those using or affected by the product of, or performance of, the contract." 48 C.F.R. § 223.570-2 (2007). This allegation also fails to state a claim. Plaintiff merely alleges, in a fashion devoid of supporting facts, the clause was included between ATA and the government (Court File No. 18 at 1-2, ¶ 3). She claims, "These Defendants have specifically contractually agreed to be subject to the [clause.] . . . Plaintiff is a third Party beneficiary of said contracts." (Id.).

Even if Plaintiffs have properly pleaded the existence of the clause, Plaintiff has provided no grounds for her recovery under a contract to which she is not a party. Contract law "distinguishes an 'intended' beneficiary, who acquires a right by virtue of a promise, from an 'incidental' beneficiary, who does not." Restatement (Second) of Contracts § 302, comment a. "Government contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested." Restatement (Second) of Contracts § 313,

comment a. Plaintiff has not alleged any facts in her proposed amended complaint to show she was an intended beneficiary who acquired a right by virtue of the contract. A bare allegation of a legal conclusion is insufficient to withstand a motion to dismiss for failure to state a claim. *Bovee*, 272 F.3d at 361.

Plaintiff's argument, that a private cause of action is required to effectuate the purpose of the statute, is irrelevant. Even should a private right of action exist, Plaintiff has not shown and cannot show a violation of the statute. Plaintiff has not alleged any facts under which she could recover under the form contract clause. Therefore, Plaintiff's motion to amend the complaint to include claims under the Drug-Free Workplace Act will be **DENIED.**

## IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion and will **DENY** Plaintiff's motion to amend the complaint.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**